## 53074. DOAK v. CITY OF CLAXTON.

Stolz, Judge.

Mr. Doak sustained injuries in an explosion while employed at a chicken processing plant supplied with natural gas by the City of Claxton. He filed one action for damages against the city in the Superior Court of Evans County, based on negligence in the operation and maintenance of the supply of natural gas to the plaintiff's employer. He filed a second action against the city in the United States District Court of the Southern District of Georgia, in which he alleged substantially the same negligence as in his state court action, with the addition of an allegation of negligence per se in the violation of the provisions of the 1968 Natural Gas Pipeline Safety Act (49 USCA § 1677). The federal court sustained the city's

motion to dismiss for want of federal jurisdiction, holding in the order of dismissal that the particular Act on which the action was based does not permit a private remedy for its violation, and noting the pendency of the plaintiff's action in the state court. Doak v. City of Claxton, 390 FSupp. 753 (S. D. Ga. 1975). This order was not appealed.

Subsequent to the dismissal of his action in federal court, Doak amended his action in superior court, alleging as a second count the allegations which had been contained in the complaint in his federal court action. The trial judge sustained the defendant city's motion to strike Count 2, and after the jury rendered a verdict in favor of the city on Count 1, he entered judgment thereon and overruled the plaintiff's motion for new trial. The plaintiff appealed from the above adverse rulings. Upon notice of the appellant's death, this court granted the motion of his executor to be made the party appellant in the case. *Held:*

The order in the federal case did not hold, as the appellant contends, merely that there is no private remedy *in federal courts* for violation of the above mentioned federal Act. Rather, it held that, with respect to this particular Act at least, no private remedy exists, in federal or state courts, based upon negligence per se, and that the plaintiff's remedy lay in an action in the state court, based upon the breach of a duty created by statutory or common law, rather than by the federal Act. (Such an action was brought in Count 1 here and decided adversely to the appellant.) This order, unappealed from, is res judicata as to Count 2 of the present state court action. For a ruling to the same effect by the Supreme Court see Cort v. Ash, 422 U. S. 66 (III) (95 SC 2080, 45 LE2d 26) (1975).

The case of *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266), cited by the appellant, is not authority to the contrary. In that case, this court held that the allegations of the complaint were sufficient "notice pleading" to state a cause of action in tort for the negligent breach of the aircraft's owner's duty, created by Federal Aviation Regulations, to have the aircraft inspected and repaired, and to keep proper records. 138 Ga. App. at 412 (2, B). In the field of aviation law, the federal government is the only authority which can and does prescribe the

rules and regulations governing aircraft inspection and maintenance in such a way that compliance with the rules and regulations discussed by this court in *Shellenberger* is a condition precedent to lawful sale or operation of the aircraft. These log books for engine, airframe, communication equipment and other specified instruments are required by these same federal regulations to be kept aboard the aircraft and to speak the truth, no matter into whose hands or into what state or foreign country the aircraft might pass. Every time an airplane flies, federal law controls. When one crashes, the tort is also federal in origin. Violation of these and other federal rules by persons connected with the aircraft is the way liability in tort for negligent operation of the aircraft is established. Likewise, liability results for transferring an aircraft to another person who, perhaps, does not know that the federal regulations have not been satisfied by a previous owner, as in *Shellenberger.*

There are, as recognized in the order in the appellant's federal court case, 390 FSupp. 753, supra, many other areas in which federal law can form the basis of state tort action. However, we know of no federal law which is enforceable only in the state courts; the federal forum is also available (as in aviation law), though inconvenient. On the other hand, a federal statute such as the Natural Gas Pipeline Safety Act, which provides no federal tort liability, either expressly or by implication, does not create a private tort remedy initially in a state court.

The trial judge properly dismissed Count 2 of the complaint and entered judgment on the verdict on Count 1.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 1, 1976 — DECIDED NOVEMBER 30, 1976.

*Milton A. Carlton, J. Franklin Edenfield,* for appellant.

*Findley & Callaway, James E. Findley,* for appellee.